UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALENTE GEONELLI FAULKS,

    Petitioner,                    Case Number 2:20-CV-10311
                                        HON. GEORGE CARAM STEEH
v.                                            UNITED STATES DISTRICT JUDGE

JOHN DAVIDS,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Valente Geonelli Faulks, ("Petitioner"), confined at the Ionia Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, M.C.L.A. 750.317, and felony firearm, M.C.LA. 750.227b. For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

**I. Background**

Petitioner was charged with first-degree murder, felonious assault, and felony-firearm. Following a preliminary examination, petitioner was bound over to trial on the first-degree murder and felony-firearm charges.

Petitioner was found guilty by a jury in the Wayne County Circuit Court of the lesser included offense of second-degree murder and guilty of felony-firearm. Petitioner was sentenced to thirty to fifty years in prison on the second-degree murder conviction and two years in prison on the felony-firearm conviction.

The Michigan Court of Appeals affirmed petitioner's convictions but remanded the case back to the trial court pursuant to *People v. Lockridge,* 498 Mich. 358, 392, 870 N.W. 2d 502 (2015), for the judge to determine whether he or she would have imposed the same sentence even without the mandatory use of Michigan's now invalidated sentencing guidelines. *People v. Faulks*, No. 326759, 2016 WL 3855884 (Mich. Ct. App. July 14, 2016).

On remand, the judge declined to re-sentence petitioner, finding that the sentence was "proportionate to the utterly gratuitous and cold-blooded killing of an unarmed man as a result of some perceived slight to the Defendant's sister."

Petitioner's sentence was affirmed. *People v. Faulks*, No. 335607, 2018 WL 1768083 (Mich. Ct. App. Apr. 12, 2018), *lv. den.*, 932 N.W.2d 600 (Mich. 2019).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The defendant was denied the right to a fair trial when the prosecutor engaged in misconduct by eliciting evidence of defendant's prior bad acts as a juvenile and being arrested in possession of a gun when defendant's juvenile record and his pending charge were to be excluded.

II. The trial court should have granted resentencing following the *Crosby* remand because the sentence of 30 to 50 years was unreasonably long.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case

- 3 -

differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court

first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### III. Discussion

**A. Claim # 1. The prosecutorial misconduct claims.**

Petitioner argues he was denied a fair trial because of prosecutorial misconduct.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F. 3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal

defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. To obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012).

Petitioner's primary claim is that the prosecutor committed misconduct by introducing evidence of petitioner's prior bad acts as a juvenile and the fact that petitioner had a pending carrying a concealed weapon charge in another case when the judge had previously excluded the evidence.

Although F.R.E. 404(b) and its state counterpart M.R.E. 404(b) generally prohibit a prosecutor from questioning a defendant about prior bad acts, the United States Supreme Court has never held that the federal

constitution forbids a prosecutor from doing so, thus the rejection of petitioner's prosecutorial misconduct claim by the Michigan courts would not entitle petitioner to habeas relief. *See Wagner v. Klee*, 620 F. App'x. 375, 378 (6th Cir. 2015). The Sixth Circuit has also noted that there are no Supreme Court cases which support the proposition that a prosecutor's questions that call for answers that are inadmissible due to relevancy constitute prosecutorial misconduct that rises to the level of a federal due process violation. *See Wade v. White,* 120 F. App'x. 591, 594 (6th Cir. 2005). Petitioner would not be entitled to habeas relief even if evidence of his juvenile record and his pending carrying a concealed weapons charge was irrelevant. *Id.*

Petitioner further claims that the prosecutor misrepresented the evidence when she argued in rebuttal that petitioner carries guns on a regular basis when, in fact, petitioner merely testified at trial that: "I have carried a gun."

The Michigan Court of Appeals rejected this claim:

> While this statement was not precisely what defendant testified, the prosecution is not required to present its argument in the blandest possible terms.
>
> *People v. Faulks*, 2016 WL 3855884, at * 2.

Misrepresenting facts in evidence by a prosecutor can amount to substantial error because doing so "may profoundly impress a jury and may have a significant impact on the jury's deliberations." *Washington v. Hofbauer,* 228 F. 3d 689, 700 (6th Cir. 2000)(*quoting Donnelly*, 416 U.S. at 646). It is also improper for a prosecutor during closing arguments to bring to the jury any purported facts which have not been introduced into evidence and which are prejudicial. *Byrd v. Collins*, 209 F. 3d 486, 535 (6th Cir. 2000). However, prosecutors must be given leeway to argue reasonable inferences from the evidence. *Id.*

The prosecutor's remark that petitioner regularly carries a gun was based on a reasonable inference from petitioner's own testimony in which he admitted "I have carried a gun." Because there was at least some factual support on the record for the prosecutor's argument, the prosecutor's remarks did not deprive petitioner of a fair trial. *See U.S. v. Henry*, 545 F.3d 367, 377 (6th Cir. 2008).

**B. Claim # 2. The sentencing claim.**

Petitioner contends that his sentence of thirty to fifty years for second-degree murder is disproportionate.

Petitioner fails to state a claim for federal habeas relief. The United States Constitution does not require that sentences be proportionate. In

*Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F. 3d 298, 302 (6th Cir. 2000). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003)(*citing Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x. 781, 785 (6th Cir. 2008)(*quoting United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

In the present case, petitioner's sentence of 30 to 50 years in prison was within the statutory limits of the offense of second-degree murder. The trial judge sentenced petitioner to less than the maximum sentence of life imprisonment. Moreover, petitioner's minimum sentence of thirty to fifty years was within the sentencing guidelines range of 225 to 375 months. In Michigan, sentences within a correctly scored guidelines range are presumptively proportionate. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673-674 (E.D. Mich. 2002)(citing to *People v. Bailey*, 218 Mich. App. 645, 647; 554 N. W. 2d 391 (1996)). This Court concludes that petitioner's sentence of 30 to 50 years in prison for second-degree murder was not extreme or grossly disproportionate to the offense or to the offender, so as to entitle him to habeas relief. *Austin v. Jackson,* 213 F.3d at 302 (sentence of 40 to 60 years in prison for second-degree murder not disproportionate, even though it exceeded sentencing guidelines range of 12-25 years).

## IV. Conclusion

The petition for writ of habeas corpus is denied. The Court denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this opinion, a certificate of appealability is denied because petitioner failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

IT IS ORDERED that:

**(1)** the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

**(2)** A Certificate of Appealability is **DENIED.**

**(3)** Petitioner is **DENIED** leave to appeal *in forma pauperis.*

Dated: February 14, 2020

                          s/George Caram Steeh
                          GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 14, 2020, by electronic and/or ordinary mail and also on Valente Faulks #956836, Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk